**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| RONALD STARKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Civil Action No. 3:07-CV-611 JVB |
| | ) |
| BILL WILSON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Ronald Starks, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 alleging the defendants violated his Eighth Amendment rights.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that some person has deprived him of a federal right [and] he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipses omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __; ___127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

On July 17, 2007, Mr. Starks's thumb was "cut in half-completely off" when he turned a fan towards his room because of the heat and humidity. The plaintiff alleges that one of the defendants, the facility's maintenance supervisor, had negligently changed the fan blade; he

2

replaced it with a galvanized steel blade. It is not clear, however, whether the original blade was also metal. A subsequent inspection showed the fan guard was broken in the back. The facility safety manager, another defendant, allegedly violated his responsibility to ensure that all equipment is undamaged and not a safety hazard. Mr. Starks also named as defendants, the facility's superintendent and the custody supervisor. (DE 1)

Mr. Starks's Eighth Amendment challenge involves his conditions of confinement. Accordingly, the Court must analyze it under the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishment." *Wilson v. Seiter*, 111 S. Ct. 2321 (1991). *Wilson* clarifies that the Court must apply both an objective and a subjective test to determine whether specified conditions of confinement violate the Eighth Amendment. *Id*. at 2324. The question of the defendants' culpability is subjective, but the risk involved is evaluated on an objective basis.

The objective test asks whether the alleged deprivation is sufficiently serious or grave to be  an Eighth Amendment violation. In order to constitute such a violation, an allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measure of life's necessities."*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). An "objectively 'sufficiently serious'" risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary  standards of decency. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citations omitted). The plaintiff in *Christopher*, a prisoner who was hurt while playing softball, alleged the state defendants' failure to repair a defective softball field resulted in  his injury. In *Christopher* that court compared other dangerous conditions--such as excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewage--and concluded the plaintiff's  exposure to a dangerous softball field did not offend contemporary standards of decency.

A fan's rotating blades inherently present some danger of harm. The risk of a fan's blade causing injury while a person moves it  is not one that "today's society chooses not to tolerate,"

3

however. *See Helling v. Mc Kinney*, 509 U.S. 25, 35-36 (1993). Rather, it is the type of risk many encounter voluntarily when they use fans on hot, humid days. By providing a fan to relieve the summer's heat, the facility did not create an "excessive risk" to the plaintiff's "health and safety" in violation of its duties under the Eighth Amendment.

Under the subjective test, Mr. Starks must allege that the defendants were deliberately indifferent to a serious risk of substantial harm. They need not intend harm, but they must know an excessive risk to the plaintiff's health and safety exists. *Farmer*, 511 U.S. at 837. Mr. Starks candidly acknowledges leaving his bed to turn the fan towards his room. Even though he states the broken fan guard was discovered after the accident, assuming the facility's maintenance supervisor and safety manager knew of the broken fan guard, before he repositioned it, Mr. Starks was not prevented from examining the fan to protect himself. A prison official's duty to shield an inmate from harm arises because the state has placed him "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare." *See County of Sacramento v. Lewis*, 523 U.S. 833, 851(1998). Although the failure to warn Mr. Starks about the broken fan guard could be deemed negligent, it was not tantamount to the "unnecessary and wanton infliction of pain." *Hudson v Mc Millian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). A jury could not reasonably conclude either that the fan was an objectively serious risk of harm or that the defendants possessed the requisite mental state on the basis of the allegations in Mr. Starks's complaint.

Section 1983 protects only rights guaranteed by federal law, and does not create tort claims for which there are adequate remedies under state law. Mr. Starks has no federal law claim arising from the serious injury to his thumb, but that does not mean he may not pursue a tort claim in state court. Indeed, Mr. Starks states that he has filed a tort claim related to this incident. (DE 1, §III at ¶ D1)  Accordingly, the court will dismiss this case without prejudice to Mr. Starks's ability to bring his claims in an appropriate state court.

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 1915A, **DISMISSES** this cause of action **WITHOUT PREJUDICE** to the plaintiff's right to bring these claims in state court.

**SO ORDERED** on January 16, 2008.

s/Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United State District Judge  
Hammond Division
